UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS JIMENEZ, in a Representative capacity only, on behalf of all aggrieved employees,<br><br>　　　　　　　Plaintiff.<br><br>v.<br><br>CRC PROPERTY MANAGEMENT WEST INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 3:19-CV-01547-JAH-MSB<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT DEFENDANTS' MOTION TO COMPEL ARBITRATION; and**<br><br>**(2) REMANDING ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO.** |

　　　On December 3, 2021, Defendant CRC Property Management West Inc., ("Defendant") filed a Motion to Compel Arbitration and to Stay the Pending Action. ("Mot.", ECF No. 55.) Thereafter, Plaintiff Jesus Jimenez ("Plaintiff") filed a Request to Dismiss FLSA Claims Without Prejudice. ("Notice of Voluntary Dismissal", ECF No. 56.) Plaintiff also filed a Conditional Opposition to Defendant's Motion to Compel and to Stay the Pending Action, ("Opp'n", ECF No. 57), and Defendant replied, ("Reply", ECF No. 58). For the reasons set forth below, the Court denies Defendant's Motion as moot and remands the action to the Superior Court of California for the County of San Diego.

///

# BACKGROUND

On July 8, 2019, Plaintiff filed a Complaint against Defendant asserting a representative action under the Private Attorneys General Act ("PAGA") premised on various wage and hour violations under the California Labor Code. Following timely removal of the case to this Court, on October 22, 2021, Plaintiff filed a First Amended Complaint ("FAC"), adding an individual and class cause of action for wage and hour violations under the Fair Labor Standards Act ("FLSA").

Defendant thereafter filed a Motion to Compel Arbitration and to Stay the Pending Action, urging the Court to compel arbitration of the claims in Count One of the FAC, brought pursuant to the FLSA. (*See generally* Mot.) On December 29, 2021, Plaintiff agreed to dismiss the FLSA claim, without prejudice. (*See* Notice of Voluntary Dismissal.) The Court granted Plaintiff's motion to dismiss Count One of the FAC. (ECF No. 60.) As such, the only remaining claim in the FAC is brought pursuant to PAGA, a California state law claim. The only remaining question is whether this Court should exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c), on the remaining state law claim.

# DISCUSSION

Defendant asserts the Court should retain jurisdiction over this action over the remaining state law claim to deter forum shopping and in the interest of judicial economy. (Reply at 2-4.)

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

        (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

As the Court has dismissed the only federal claim before it, its exercise of continuing supplemental jurisdiction over the PAGA claim is therefore "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, (2009) (citing 28 U.S.C. § 1367(c)). The Court declines to exercise that discretion.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Compel Arbitration is denied as moot, and
2. This action is remanded to the Superior Court for the State of California in the County of San Diego.

**IT IS SO ORDERED.**

DATED: June 3, 2022

        _____
        JOHN A. HOUSTON
        UNITED STATES DISTRICT JUDGE